IN THE UNITED STATES COURT OF FEDERAL CLAIMS

NOT FOR PUBLICATION

| | |
|---|---|
| ANTHONY-VINCENT CARTMAN, ) | |
| ) | |
| Plaintiff, ) | No. 23-809 |
| ) | |
| v. ) | Filed: December 15, 2023 |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff Anthony-Vincent Cartman, proceeding pro se, filed a complaint alleging numerous violations of the Constitution and federal statutes in relation to his prior prosecution and incarceration. He is seeking reversal of his criminal conviction, declaratory relief, and compensatory relief. Before the Court is the Government's Motion to Dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). For the reasons stated below, the Court **GRANTS** the Government's Motion.

**I. BACKGROUND**

Plaintiff was prosecuted in the United States District Court for the Northern District of Georgia on a number of criminal charges. *See generally United States v. Cartman*, No. 1:10-CR-512-01-JEC, 2013 WL 2445158, at *1 (N.D. Ga. June 5, 2013), *aff'd*, 607 F. App'x 888 (11th Cir. 2015). After a jury trial, Plaintiff was found guilty of conspiracy to cause false statements on firearm applications, false statements on firearm applications, and felon in possession of a firearm. Ex. A to Def.'s Mot. to Dismiss at 1, ECF No. 6-1 (Criminal Judgment); *see also Cartman*, 2013

WL 2445158, at *1.  Both Plaintiff's conviction and sentence were affirmed on appeal by the United States Court of Appeals for the Eleventh Circuit.  *Cartman*, 607 F. App'x at 892.

Plaintiff filed suit in this Court on May 31, 2023.  *See* Pl.'s Compl., ECF No. 1.  Plaintiff alleges violations of the First, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments; the Federal Tort Claims Act ("FTCA"); as well as several provisions of Title 28 of the United States Code regarding the recusal and disqualification of federal judges.  *Id.* at 1–2.  Plaintiff principally complains that his treatment while in detention was unlawful and that he was denied due process in his District Court trial and on appeal.  *Id.*  Several of his allegations concern the alleged bias of two federal judges that presided over his case.  *Id.* at 2.  He seeks declaratory relief, compensatory relief, and an injunction requiring the District Court to overturn, vacate, or reverse his conviction.  *Id.* at 3.  The Government has moved to dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction.  *See* Def.'s Mot. to Dismiss, ECF No. 6.

## II.  LEGAL STANDARD

Before considering the merits of a claim, the Court must ensure the action is within its subject-matter jurisdiction.  *See* RCFC 12(b)(1), (h)(3); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (affirming that subject-matter jurisdiction "'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception'" (quoting *Mansfield v. Swan*, 111 U.S. 379, 382 (1884))).  If the Court determines that it lacks subject-matter jurisdiction, "the only function remaining to the court is that of announcing the fact and dismissing the case."  *Steel*, 523 U.S. at 94 (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1868)).

When evaluating a motion under Rule 12(b)(1) for lack of jurisdiction, the Court must "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable

inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011); *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). The Court construes pro se complaints liberally, but still requires that pro se plaintiffs establish the Court's jurisdiction over the matter. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

### III.  DISCUSSION

Plaintiff seeks damages for alleged violations of federal law and for his purportedly unjust conviction and imprisonment. In addition, he asks that the Court issue an injunction ordering the District Court to overturn, vacate, or reverse the conviction. The Court lacks jurisdiction to grant Plaintiff the relief he seeks. Without a money-mandating source of law, the Court may not hear Plaintiff's constitutional and statutory claims under the Tucker Act. Nor may the Court grant relief against several Defendants named in the Complaint because the only proper defendant in this Court is the United States. With respect to relief, this Court has no authority to enjoin a District Court to overturn, vacate, or reverse its judgment. Finally, the Court lacks jurisdiction to hear Plaintiff's damages claim for unjust conviction and imprisonment because Plaintiff has failed to comply with the statutory requirements to bring such a claim.

**A.  The Court Lacks Jurisdiction Over Plaintiff's Constitutional and Statutory Claims Because He Has Not Identified a Money-Mandating Source of Law.**

The Court assesses its jurisdiction to review Plaintiff's claims under the Tucker Act, which waives sovereign immunity and gives this Court jurisdiction over money claims against the United States arising under, as relevant here, the Constitution and federal statutes. 28 U.S.C. § 1491(a)(1); *United States v. Mitchell*, 463 U.S. 206, 216 (1983). But the Tucker Act is "merely a jurisdictional statute and does not create a substantive cause of action." *Rick's Mushroom Serv. v. United States*,

521 F.3d 1338, 1343 (Fed. Cir. 2008) (citing *United States v. Testan*, 424 U.S. 392, 398 (1976)). To satisfy his burden of demonstrating jurisdiction, Plaintiff "must identify a separate, money-mandating source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citing *Mitchell*, 463 U.S. at 216–17).

Here, Plaintiff alleges constitutional violations under the First, Fifth, Sixth, Eighth, and Thirteenth Amendments, as well as the due process clauses of the Fifth and Fourteenth Amendments. *See* ECF No. 1 at 1–2. None of these provisions are money-mandating. *Hernandez v. United States*, 93 Fed. Cl. 193, 198 (2010) (holding that the First, Fifth, Sixth, and Eighth amendments, among others, are not money-mandating); *Carter v. United States*, 228 Ct. Cl. 898, 900 (1981) (holding that the court lacked jurisdiction because the Thirteenth Amendment, among others, did "not grant a right to the payment of money for [its] violation"); *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("The law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act."). While the Fifth Amendment's Takings Clause is a money-mandating provision, *see Moden v. United States*, 404 F.3d 1335, 1341 (Fed. Cir. 2005), Plaintiff does not raise a takings claim in his Complaint. Absent a money-mandating source of law, the Court lacks jurisdiction to entertain these constitutional claims. *See Fisher*, 402 F.3d at 1172.

Similarly, Plaintiff raises a host of claims based on violations of several provisions of Title 28. ECF No. 1 at 2; *see* 28 U.S.C. §§ 47, 144, 455. These provisions pertain to the disqualification and recusal of federal judges and are not "'reasonably amenable' to the interpretation that [they]

'mandate a right of recovery in damages.'" *Adair v. United States*, 497 F.3d 1244, 1250 (Fed. Cir. 2007) (quoting *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472–73 (2003)).[1]

Since no statutory or constitutional provision relied upon by Plaintiff is money-mandating, the Court lacks jurisdiction over these claims. Accordingly, Plaintiff's claims alleging violations of these provisions must be dismissed.

### B. The Court Lacks Jurisdiction Over Claims Against Individual Defendants.

The Court also lacks jurisdiction to entertain claims brought against any person or entity other than the United States. 28 U.S.C. § 1491(a)(1); *see United States v. Sherwood*, 312 U.S. 584, 588 (1941). This includes individually named defendants, even those employed by the United States. *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) (citing 28 U.S.C. § 1491(a)). Plaintiff's Complaint names the Department of Justice and the United States District Court for the Northern District of Georgia as defendants, and it alleges that two specific federal judges violated various federal statutes in Plaintiff's case. *See* ECF No. 1 at 1; *see also id.* at 2. To the extent Plaintiff seeks relief against the District Court or these judges as individuals, the Court lacks jurisdiction to grant such relief. *See Brown*, 105 F.3d at 624.

### C. The Court Lacks Jurisdiction to Overturn, Vacate, or Reverse Plaintiff's Conviction.

The Court likewise has no authority to grant injunctive relief in the form of an order overturning, vacating, or reversing a conviction. *See* ECF No. 1 at 3. The Court lacks jurisdiction to do so because it may not review collateral attacks on the merits of a district court's decision.

---

[1] Plaintiff's reference to the FTCA is likewise unavailing because that statute vests jurisdiction over FTCA claims exclusively in the district courts. *See U.S. Marine, Inc. v. United States*, 722 F.3d 1360, 1363 (Fed. Cir. 2013); *see also Rick's Mushroom Serv.*, 521 F.3d at 1343 (no Tucker Act jurisdiction over claims "sounding in tort" (quoting 28 U.S.C. § 1491(a)(1)).

*Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1352 (Fed. Cir. 2015) ("The Court of Federal Claims has no jurisdiction to review the merits of a decision rendered by a federal district court.") (collecting cases). In this case, the Eleventh Circuit has already exercised its proper authority to review Plaintiff's conviction on appeal, and in its judgment has affirmed the conviction. *See Cartman*, 607 F. App'x at 892.

    D.    **The Court Lacks Jurisdiction to Grant Plaintiff Relief on the Basis That He Was Unjustly Convicted and Imprisoned.**

In his response to the Government's Motion, Plaintiff argues that the Complaint seeks damages for his allegedly wrongful conviction. *See* ECF No. 1 at 3; Pl.'s Resp. at 2, ECF No. 8. The Court has jurisdiction over a damages claim for unjust conviction and imprisonment. *See* 28 U.S.C. § 1495. To invoke the Court's jurisdiction under § 1495, however, plaintiffs must comply with certain conditions. Specifically, plaintiffs "must allege and prove" that their conviction was "reversed or set aside" in particular circumstances, or that their conviction was pardoned on the basis that they were innocent and unjustly convicted. *Id.* § 2513(a)(1). Plaintiffs must also "allege and prove" that they did not commit the offense and that they did not bring about their prosecution by their own misconduct. *Id.* § 2513(a)(2). Finally, plaintiffs must provide a certificate to prove that the conviction was set aside or pardoned in the manner alleged. *Id.* § 2513(b). These conditions constitute jurisdictional requirements. *Grayson v. United States*, 141 Ct. Cl. 866, 869 (1958); *see Jackson v. United States*, 162 Fed. Cl. 282, 297–99 (2022) (explaining that alleging the elements of § 2513 is a jurisdictional requirement for claims invoking the Court's jurisdiction under § 1495); *Faircloth v. United States*, No. 21-958C, 2022 WL 908953, at *4 (Fed. Cl. Mar. 29, 2022) (same).

In the instant case, Plaintiff has not alleged any of the conditions enumerated in § 2513. Though Plaintiff argues that his conviction was wrongful, he does not allege that his conviction was ever set aside or pardoned. *See* 28 U.S.C. § 2513(a)(1). Indeed, his conviction and sentence were affirmed by the Eleventh Circuit. *See Cartman*, 607 F. App'x at 892. Nor has Plaintiff alleged that he did not commit the offense for which he was convicted or provided the Court with any certificate showing that his conviction has been pardoned or set aside, as required by the statute. *See* 28 U.S.C. § 2513(a)(2), (b). Accordingly, to the extent the Complaint raises a challenge to his conviction under these provisions, the Court lacks jurisdiction to hear Plaintiff's claims.

## IV.  CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss is **GRANTED**. The Clerk is directed to enter judgment accordingly.

**SO ORDERED.**


Dated: December 15, 2023                                 */s/ Kathryn C. Davis*
                                                                     KATHRYN C. DAVIS
                                                                     Judge